# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

RODNEY DALE HOWARD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:16-cv-1104
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Rodney Dale Howard ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 15), Plaintiff's Reply (ECF No. 16), and the administrative record (ECF No. 7). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I. BACKGROUND

Plaintiff protectively filed his applications for disability insurance benefits and supplemental security income on November 1, 2012, alleging that he has been disabled since June 9, 2011, due to a combination of physical and mental impairments. On January 8, 2015,

following initial administrative denials of Plaintiff's application, an administrative hearing was held by videoconference before Administrative Law Judge Joel Fina (the "ALJ"). (ECF No. 7-2 at PAGEID ##47-57.) The ALJ issued a decision on February 11, 2015, concluding that Plaintiff was not disabled. (*Id.* at PAGEID #57.) On May 2, 2016, the Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision. Plaintiff then timely filed this action for review. (ECF No. 1.)

In his Statement of Errors, Plaintiff challenges the residual functional capacity ("RFC")[1] the ALJ assessed on three grounds. First, Plaintiff contends that the ALJ failed to adequately account for his mental limitations. Second, he contends that the ALJ erred by discounting the opinion of treating physician Dr. Carl E. Otten, M.D., in favor of the opinion of Medical Expert Dr. Ashok Jilhewar, M.D., and, relatedly, by failing to consider the factors set forth in 20 C.F.R. § 404.1527d(c) in evaluating Dr. Otten's opinion. Third, he contends that the ALJ erred by failing to include the use of a cane in the RFC.

The undersigned finds Plaintiff's first contention of error to be well taken. This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. The undersigned therefore limits discussion to record evidence bearing on Plaintiff's first contention of error.

## II. RELEVANT RECORD EVIDENCE

### A. Hearing Testimony

Plaintiff, represented by counsel, appeared at the hearing and testified. Plaintiff testified that he has not been able to work since October 2012 because of leg pain, anxiety, and

---

[1] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

depression. (ECF No. 7-2 at PAGEID #71.) Plaintiff also testified that he now watches television and hides in his room most of the day and that he sometimes experiences a panic attack in the morning. With respect to his depression and anxiety, Plaintiff testified that he is nervous and has panic attacks when he is around groups of people. (*Id.* at PAGEID #78-79.) He testified that he also has panic attacks at home and that he does not know what brings them on. (*Id.* at PAGEID #80.) He testified that he takes Lexapro and Xanax for his depression and anxiety. (*Id.* at PAGEID #78.)

Vocational expert Dr. Timothy Tansey (the "VE") also appeared and testified at the administrative hearing. The VE testified that a hypothetical individual of Plaintiff's age, education, and work experience who retained the RFC that the ALJ ultimately assessed could not perform Plaintiff's past work, but could perform other jobs that exist in significant numbers in the national economy. He identified the following representative jobs, all of which have a Specific Vocational Preparation ("SVP") level of 2 and are performed at the sedentary level of exertion: washroom operator, addresser, grinder, operator, and stringing-machine tender. (*Id.* at PAGEID ##102-03.) Upon cross-examination, the VE testified that being off task more than ten percent of the day or limiting the work week to only twenty hours would preclude competitive employment.

**B.     The ALJ's Decision**

The ALJ issued his decision on February 11, 2015. He found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID# 60-69.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had engaged in substantial gainful

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

activity during the period from April through October of 2012, meaning that Plaintiff could not establish that he was disabled during the period from his June 2011 injury to the time he returned to work in April 2012 because twelve months had not elapsed. (*Id.* at PAGEID #49.) The ALJ focused the remainder of his analysis on the period beginning on October 17, 2012, when Plaintiff left work for the last time. (*Id.* at PAGEID #50.)

At steps two and three, the ALJ found that, through the application date, Plaintiff had the severe impairments of "status post work related injuries to the left knee including a left tibial plateau fracture (durationally non-severe), complex tear of the medial meniscus, patellar tendinitis and patellofemoral syndrome, anxiety, and depression." (*Id.*) The ALJ further found that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments as described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID #63.)

At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that Claimant is limited to lifting up to 10 pounds occasionally and 5 pounds frequently; standing or walking two hours per eight hour period and sitting for up to six hours per eight hour period, with normal breaks. Claimant can never operate foot controls with the left lower extremity. He can never climb ladders, ropes or scaffolds. Claimant can

---

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Hensley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> occasionally climb ramps or stairs; balance, stoop, and crouch. Claimant can never kneel or crawl. He must avoid concentrated exposure to unprotected heights. The claimant is further limited to simple work involving no strict production rate requirements such as that which would be requires [sic] for an assembly line worker. Claimant may have only occasional interaction with the public, coworkers and supervisors.

(*Id.* at PAGEID #51.) The ALJ indicated that "[t]he non-exertional limitations arising from [Plaintiff's] depression and anxiety assessed in the above residual functional capacity are consistent with the assessment of Dr. Swearingen." (*Id*. at PAGEID #55.)

Relying on the VE's testimony, the ALJ concluded that although Plaintiff was not able to return to his past work, he was capable of performing jobs that exist in significant numbers in the national economy. (*Id.* at PAGEID ##55-56.) He therefore concluded that Plaintiff was not disabled. (*Id.* at PAGEID #57.)

**C.     Opinion Evidence**

Consultative Examiner T. Rodney Swearingen, Ph.D., examined Plaintiff on March 27, 2013. He diagnosed Plaintiff with anxiety disorder, not otherwise specified, and depression disorder, not otherwise specified. He opined that Plaintiff is likely unable to manage his own funds. Dr. Swearingen further opined that Plaintiff has the following work-related functional abilities and limitations:

> His ability to understand, remember and carryout simple and complex instructions is impaired. He would be expected to perform adequately in a job with simple routine work, with assistance at times of learning new tasks.
>
> \*      \*      \*
>
> His ability to maintain attention, concentration, persistence, and pace to perform simple and multistep tasks is impaired. He is expected to perform adequately in a job without strict production demands
>
> \*      \*      \*

5

> His ability to respond appropriately to co-workers and supervisors is impaired. He is expected to perform adequately in a setting with intermittent or no contact with the public and intermittent contact with coworkers and supervisors.
>
> * * *
>
> His ability to respond appropriately to work pressures is impaired. He is expected to perform adequately in a setting with intermittent contact to no contact with the public, and intermittent contact with coworkers and supervisors.

(ECF No. 7-7 at PAGEID #634.)

In April 2013, upon initial consideration, state agency reviewing psychologist Mel Zwissler, Ph.D., opined that Plaintiff had the following work-related limitations: work with one- or two-step tasks; no public contact due to anxiety; routine or low-stress work; and no production-line pressures. (ECF No. 7-3 at PAGEID ##168-70.) In June 2013, at the reconsideration level, state agency reviewing psychologist Cindy Matyi, Ph.D., opined that Plaintiff required additional work limitations and set forth his mental RFC as follows: work with one- or two-step tasks; no public contact due to anxiety and being easily angered, but that he could relate adequately on a superficial basis with minimal interpersonal contact; work in which duties are routine and predictable and where changes are well-explained and introduced slowly, and no production-line pressures. (ECF No. 7-3 at PAGEID ##168-70.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is

defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)), *cert. denied sub. nom. Paper, Allied-Indus., Chem.& Energy Workers Int'l Union v. TNS, Inc.* 537 U.S. 1106 (2003). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV.   ANALYSIS

Within his contention of error challenging the ALJ's mental RFC assessment, Plaintiff asserts that the mental RFC the ALJ assessed did not account for all of his mental limitations as determined by the sources whose opinions the ALJ gave weight. In particular, Plaintiff asserts that the mental RFC the ALJ assessed is deficient in three regards. First, Plaintiff submits that the mental RFC, which contemplates occasional interaction, does not account for either Dr. Swearingen's opined limitation that Plaintiff requires intermittent contact to no contact with the

7

public or the state agency reviewing psychologists' opinions that he should be precluded from interacting with the public. (Pl.'s Statement of Errors 8, ECF No. 9; Pl.'s Reply 3, ECF No. 16.) Second, Plaintiff maintains that the mental RFC the ALJ determined fails to accommodate his need for help learning new tasks and his need for changes to be explained slowly to him as opined by both Dr. Swearingen and state agency reviewing psychologist Dr. Matyi. Finally, Plaintiff posits that the mental RFC should have limited him to routine work as opined by both Dr. Swearingen and the state agency reviewing psychologists. Plaintiff acknowledges that the ALJ was not required to accept or adopt all opined limitations, but argues that because the ALJ assigned weight to these medical sources and appeared to adopt Dr. Swearingen's opinion, he was obligated to explain why certain limitations were being omitted. The undersigned agrees.

The ALJ is charged with the final responsibility for determining a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as your residual functional capacity, . . . the final responsibility for deciding these issues is reserved to the Commissioner."). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). Social Security Ruling 96-8p instructs that the ALJ's residual functional capacity assessment must be based on all of the relevant evidence in the case record, including factors such as medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and evidence from attempts to work. *See also* 42 U.S.C. § 423(d)(5)(B). An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory

> findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Here, the ALJ assessed the following non-exertional limitations: "simple work involving no strict production rate requirements such as that which would be require[d] for an assembly line worker" and "only occasional interaction with the public, coworkers and supervisors." (ECF No. 7-2 at PAGEID #51.) Although the ALJ did not explicitly adopt the opinion of consultative psychological examiner Dr. Swearingen, the ALJ discussed the opinion and concluded that the non-exertional limitations he assessed were "consistent" with Dr. Swearingen's opinions. (ECF No. 7-2 at PAGEID ##53-55.) The ALJ also stated that he assigned "[s]ome weight to the opinion[s] of the state agency consultants . . . as they are consistent with the objective medical findings and [Plaintiff's] history of his left knee injuries." (*Id*. at PAGEID #54.) Based upon the explanation the ALJ offered, it is unclear whether the weight he accorded applied only to the state agency reviewing physicians or also extended to the opinions of the state agency reviewing psychologists. Beyond crediting Dr. Swearingen's opinion and potentially assigning "some weight" to the opinions of the state agency reviewing psychologists, the ALJ's decision does not explain how the record evidence supports the non-exertional limitations set forth in the mental RFC he assessed.

What is clear is that despite his indication that the mental RFC he assessed was "consistent" with Dr. Swearingen's assessment, (*Id*. at PAGEID # 55), the ALJ omitted the following three limitations that Dr. Swearingen opined: (1) "routine" work; (2) "assistance at

9

times of learning new tasks"; and (3) "intermittent contact to no contact with the public, and intermittent contact with coworkers, and supervisors." (*Compare* ECF No. 7-2 at PAGEID #51 *with* ECF No. 7-7 at PAGEID #634.) It is also not in dispute that state agency reviewing psychologist Dr. Matyi agreed that Plaintiff required these three limitations and that she opined that Plaintiff was even *more* limited than Dr. Swearingen assessed with respect to his ability to interact with the public. (*See* ECF No. 7-3 at PAGEID ##168-70 (opining that Plaintiff requires work in which duties are routine and predictable and where changes are well-explained and introduced slowly and also that Plaintiff is limited to no public contact).)

      Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ adopts or states that the RFC findings are "consistent" with a particular opinion, he must incorporate all of the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission); *Reed v. Comm'r of Soc. Sec.*, No. 1:16-CV-572, 2017 WL 1531872, at *6 (W.D. Mich. Apr. 28, 2017) (remanding case where, *inter alia*, "[t]he ALJ did not explain why he did not adopt this portion of the opinion [doctor's opinion as to the plaintiff's limitations] despite giving it great weight"); *Bookout v. Comm'r of Soc. Sec.*, No. 3:13-cv-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) (remanding case where, *inter alia*, "the ALJ adopted Dr. Fletcher's opinion in its entirety" but "ignored" certain limitations and stating that the ALJ "had a duty to explain" why she declined to adopt the limitations). The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial

evidence supports his decision. *See id.*; *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"). With the exception of the ALJ's omission without explanation of the limitation that Plaintiff requires routine work, the Commissioner's arguments to the contrary are unpersuasive.

The undersigned agrees with the Commissioner that the ALJ's omission of "routine" from the mental RFC amounts to harmless error. The undersigned disagrees, however, with the Commissioner's assertion that there is no material difference between simple work and routine work. Within the context of a mental RFC, "simple" relates to the ease or complexity of a task, and "routine" relates to the repetitive, static nature of the tasks involved. *See* Oxford Dictionary, https://en.oxforddictionaries.com/definition/simple (defining "simple" as "[e]asily understood or done"); and https://en.oxforddictionaries.com/definition/routine (defining "routine" as "[a] sequence of actions regularly followed"); *see also Burenshaw v. Berryhill*, No. 5:16-cv-2243, 2018 WL 550590, at *4 n.4 (C.D. Cal. Jan. 23, 2018) ("A commonsense understanding of the term 'simple, repetitive tasks' suggests tasks that are easy or not complex and performed in a

recurring or routine manner."). But as the Commissioner points out, all of the jobs the VE identified are classified as unskilled and involve repetitive or short-cycle work. (*See* Comm'r Mem. in Opp., ECF No. 15 at PAGEID #716.); *see also McFerren v. Comm'r of Soc. Sec.*, No. 3:11-cv-1677, 2012 WL 1865467, at *18 (N.D. Ohio May 4, 2012) (holding that "simple, routine work" equates to "a limitation to unskilled work"). Thus, the ALJ's failure to limit Plaintiff to routine work amounts to harmless error. *See Wills v. Colvin*, No. 14-C-960, 2016 WL 1060254, at *9 (E.D. Wis. Mar. 15, 2016) (finding harmless error were limitations were omitted, but the representative jobs the VE identified were unskilled, explaining "[s]ince unskilled jobs are by definition 'simple, routine, and repetitive,' the omission from the hypothetical of these limitations is harmless" (citation omitted)).

The undersigned reaches a different result with respect to the other two omitted limitations. First, the undersigned disagrees with the Commissioner's assertion that "occasional" is synonymous with "intermittent." "Occasional" is a term of art in Social Security law that means occurring from very little up to one-third of the time. S.S.R. 83-10, 1983 WL 31251. "Intermittent" means "[o]ccuring at irregular intervals." Oxford Dictionary, https://en.oxforddictionaries.com/definition/intermittent. Indeed, administrative law judges have used the terms differently in defining how much social contact a claimant can tolerate. *See, e.g., Colman v. Comm'r of Soc. Sec*, No. 1:15-cv-596, 2016 WL 3209660, at *2 (S.D. Ohio June 7, 2016) (limiting the claimant to "no more than *intermittent* and superficial contact with the public, no more than brief, infrequent, and superficial contact with coworkers, and no more than *occasional* contact with supervisors" (emphasis added).) Second, the undersigned disagrees with the Commissioner that the ALJ's limitation of Plaintiff to simple work accommodates Dr. Swearingen's opinion that Plaintiff required a work environment where assistance would be

provided at times of learning new tasks. The flaw in the Commissioner's argument is that Dr. Swearingen opined that Plaintiff would require "assistance at times of learning new tasks" even in a job with simple, routine work. (*See* ECF No. 7-7 at PAGEID #634.)

In summary, the undersigned finds that reversal is warranted because the ALJ appeared to adopt Dr. Swearingen's opinion but failed to explain why he did not incorporate the limitations Dr. Swearingen assessed into Plaintiff's mental RFC.

## V. DISPOSITION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE